WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Brabant, an individual,<br>Linda Brabant, an individual, and<br>Does 1 through 50,<br><br>    Plaintiffs,<br><br>vs.<br><br>JP Morgan Chase Bank, a corporation<br>and successor in interest to<br>Washington Mutual Bank; Chase<br>Home Finance, LLC, a subsidiary<br>of JP Morgan Chase Bank, a<br>limited liability corporation<br>and a successor in interest to<br>Washington Mutual Bank; Federal<br>Home Loan Mortgage Corporation,<br>as an agent/successor in interest<br>to JP Morgan Chase Bank, Chase<br>Home Finance, and Washington<br>Mutual; First American Title<br>Company; Cherie Smith, an<br>individual; and Does 1 through<br>50, inclusive,<br><br>    Defendants. | CV 11-00848-TUC-JGZ<br><br>**ORDER** |

      Defendants JP Morgan Chase Bank ("Chase")[1] and Federal Home Loan Mortgage Corporation ("Freddie Mac") have filed a Motion to Dismiss this action in its entirety

---

[1] Defendant JPMorgan Chase Bank is the successor by merger to Defendant Chase Home Finance, LLC.  (Motion to Dismiss, Doc. 9, p. 1.)

pursuant to Rules 8 and 12(b)(6), Fed. R. Civ. P. (Doc. 9.) Defendant Cherie Smith joins in these Defendants' Motion and also moves to dismiss the claims against her based on lack of personal jurisdiction. (Doc. 11.) Plaintiffs have responded to Defendants' motions (Docs. 16, 19), and Defendants have replied. (Docs. 17 and 22.) For the following reasons, Chase and Freddie Mac's Motion to Dismiss (Doc. 9) is GRANTED. Because the Court grants the Motion to Dismiss, Defendant Smith's separate request to dismiss for lack of personal jurisdiction is not addressed.

## Factual and Procedural Background

Plaintiffs William and Linda Brabant, appearing *pro se*, filed this action asserting eleven claims arising out of a home loan transaction with Washington Mutual Bank ("WaMu"). The Complaint alleges that Cherie Smith, a bank loan consultant employed by WaMu, originated a loan for Plaintiffs for the purchase of real property in Sahuarita, Arizona. (Complaint, Doc. 1, ¶¶ 26-30.) Plaintiffs allege that Smith and other unknown WaMu representatives intentionally fabricated and exaggerated Plaintiffs' income and net worth to induce them to enter into the loan. (*Id.* at ¶¶ 31-32.) On November 14, 2007, Plaintiffs signed settlement and closing documents for the purchase of their home in Sahuarita, Arizona, funding the purchase with the loan obtained through WaMu. (*Id.* at ¶ 36.)

On September 25, 2008, WaMu was closed by the Office of Thrift Supervision and the Federal Deposit Insurance Corporation ("FDIC") was named as receiver. (Affidavit of Robert C. Shoppe, authorized representative of the FDIC, Doc. 9, Exh. A.) Chase acquired from the FDIC certain assets of WaMu, including all loans and loan commitments. (*Id.*)

In August of 2009, Plaintiffs sought to modify the terms of the loan with Chase. (Complaint, Doc. 1, ¶ 37.) Between August 2009 and August 2010, Plaintiffs made numerous requests for modifications, but were ultimately denied. (*Id.*) Chase recommended that Plaintiffs seek to refinance their loan rather than attempt loan modification. (*Id.* at ¶ 38.) In March of 2010, Plaintiffs completed and mailed loan refinancing applications to Chase. (*Id.*) Plaintiffs contacted Chase on three occasions over the next four months, inquiring as

to the status of the applications. (*Id.*) Chase informed Plaintiffs that they had no record of the application. (*Id.*) Plaintiffs resubmitted the refinance applications. (*Id.*) In August, 2011, Chase offered Plaintiffs a fixed refinance rate of 5.50%, which Plaintiffs declined. (*Id.* at ¶ 42.) Shortly thereafter, Plaintiffs received the original Loan and Application paperwork from First American Title and discovered that their income had been fabricated by WaMu. (*Id.* at ¶ 42.)

Plaintiffs initiated this action on December 28, 2011. (Doc. 1.) The Complaint names four Defendants: Chase, Freddie Mac, First American Title ("First American") and Smith. (Doc. 1.) The Complaint alleges the following claims against all Defendants: Count 1, violation of the Truth in Lending Act ("TILA"); Count 2, Predatory Lending/ Violation of TILA; Count 3, Fraud and Conspiracy to Commit Fraud; Count 5, Violation of Arizona Consumer Fraud Act; Count 7, Intentional Infliction of Emotional Distress; Count 9, Intentional Misrepresentation; and Count 11, Violation of the Real Estate Settlement Procedures Act ("RESPA"). In addition, the Complaint alleges the following claims against the "Chase Defendants": Count 4, Fraudulent Concealment; Count 6, Rescission of Contract; Count 8, Breach of Fiduciary Duty; and Count 10, Negligent Misrepresentation.[2] (Doc. 1.) Defendants Chase, Freddie Mac and Smith now move for dismissal; Defendant First American answered the Complaint on February 10, 2012. (Doc. 15.)

**Standard of Review**

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations and internal quotations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the

---

[2] The Complaint refers to "the Chase Defendants" and defines that group to include: J.P. Morgan Chase Bank; Chase Home Mortgage, LLC; their agents, employees, assigns and all persons acting in concert or participating with them including Defendant Smith. ( Doc. 1, ¶ 16.) In this opinion, the Court uses the term "Chase" to refer only to JPMorgan Chase Bank, N.A.

1  'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a
2  formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964 (citations
3  and internal quotations omitted). "[O]nce a claim has been stated adequately, it may be
4  supported by showing any set of facts consistent with the allegations in the complaint." *Id.*
5  at 1968 (abrogating a literal reading of *Conley*, 355 U.S. at 45-46).

6  Dismissal is appropriate under Rule 12(b)(6) if the facts alleged do not state a claim
7  that is "plausible on its face." *Id.* at 1973. When assessing the sufficiency of the complaint,
8  all factual allegations are taken as true and construed in the light most favorable to the
9  nonmoving party, *Iolab Corp. v. Seaboard Sur. Co.*, 15 F.3d 1500, 1504 (9th Cir.1994), and
10 all reasonable inferences are to be drawn in favor of that party as well. *Jacobsen v. Hughes*
11 *Aircraft*, 105 F.3d 1288, 1296 (9th Cir.1997).  The court may also consider documents
12 "whose contents are alleged in a complaint and whose authenticity no party questions, but
13 which are not physically attached to the [plaintiff's] pleading." *Parrino v. FHP, Inc.,* 146
14 F.3d 699, 706 (9th Cir. 1998), *superceded on other grounds by statute.* Dismissal can be
15 "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged
16 under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th
17 Cir. 1988) (citation omitted).

## Discussion

19 In their Motion to Dismiss, Defendants Chase and Freddie Mac argue that they are
20 entitled to dismissal on three grounds: (1) Plaintiffs' Complaint only alleges factual bases for
21 claims against WaMu and Smith, not Chase or Freddie Mac; (2) Plaintiffs' claims arose
22 before September 25, 2008 and therefore must be filed with the FDIC; (3) each of Plaintiffs'
23 11 claims is without merit.  In her Motion to Dismiss, Defendant Smith contends that the
24 Court lacks personal jurisdiction over her. In addition, Defendant Smith joins in Defendants'
25 Chase and Freddie Mac's arguments that Plaintiffs' claims arose before September 25, 2008

and therefore must be filed with the FDIC and that each of Plaintiffs' 11 claims is without merit.[3]

After review of Plaintiffs' Complaint and Defendants' arguments, the Court concludes that Defendants are entitled to dismissal of the Complaint on the following grounds: (1) the Complaint fails to comply with Rule 8, Fed. R. Civ. P.; (2) Plaintiffs have failed to state a claim against Freddie Mac; (3) the Court lacks subject matter jurisdiction over all claims alleging misconduct by WaMu and Smith; (4) those claims over which the Court has subject matter jurisdiction are nonetheless without merit; and (5) the Complaint contains numerous other deficiencies. The Court will dismiss the Complaint with leave to amend those portions of the Complaint where amendment would not be futile.

**1.     Plaintiffs' Complaint fails to comply with Rule 8, Fed. R. Civ. P.**

Rule 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e) requires that each averment in a pleading be "simple, concise, and direct." In other words, Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir.1991)). Plaintiffs' Complaint is 28 pages long. The bulk of the assertions in the Complaint are merely conclusory allegations. Plaintiffs' factual allegations arise from Plaintiffs' dealings with WaMu and Smith in 2007; Plaintiffs offer no allegation that Chase, Freddie Mac or First American Title participated in the alleged wrongdoing. Plaintiffs' claims are alleged against "All Defendants" or "Chase Defendants" without any attempt to associate factual allegations with specific defendants or claims. Plaintiffs' inclusion of Smith as a "Chase Defendant" is also confusing; given that the Complaint alleges that Smith was a loan officer for WaMu and is currently employed at U.S. Bank, Smith has no apparent connection to Chase. As more fully stated in this Order, Plaintiffs' Complaint fails to put Defendants fairly on notice of the

---

[3] Defendant Smith erroneously contends that only Counts 1, 2, 3, 4, 5, 7, 9 and 11 of the Complaint are alleged against her. (Doc. 11, pg. 3.) To the contrary, the Complaint identifies Smith as a "Chase Defendant" and alleges all counts of the Complaint against either "all Defendants" or "Chase Defendants," thus Smith is named in each Count of the Complaint.

- 5 -

1  claims against them. Accordingly, the Court concludes that Defendants are entitled to
2  dismissal of Plaintiffs' Complaint pursuant to Rule 8, Fed. R. Civ. P.

**2.     The Complaint fails to state claims against Freddie Mac.**

Plaintiffs' Complaint generally alleges that Defendants engaged in various acts of misconduct, including that they conspired with one another to defraud Plaintiffs. (Complaint, Doc. 1, ¶¶ 61-62.) This Court agrees with Defendants' assertion that, although Freddie Mac is periodically mentioned in the Complaint, there are no claims stated against it. The Complaint fails to specifically allege any cause of action against Freddie Mac and Plaintiffs' general allegations are insufficient to state a claim entitling them to relief as to Freddie Mac. Therefore, claims against Freddie Mac must be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P.

**3.     The Court lacks subject matter jurisdiction over Counts 2, 3, 5-8, 11, and those portions of Counts 4, 9 and 10 which allege wrongdoing during Plaintiffs' original loan application process**.

A district court has a duty to establish subject matter jurisdiction whether raised by the parties or not. *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). When considering dismissal for lack of subject matter jurisdiction, the court is not "restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.1988). The burden of proof as to subject matter jurisdiction is on the party asserting jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The Court concludes that it lacks subject matter jurisdiction over Plaintiffs' claims as discussed below.

With the exception of portions of Counts 4, 9 and 10, each claim in Plaintiffs' Complaint is based on allegations of misconduct by WaMu and its employee, Smith, that occurred before WaMu was placed in receivership in September 2008. The crux of Plaintiffs' case is their allegation that WaMu falsified and inflated Plaintiffs' income and assets to qualify Plaintiffs for a November 2007 home loan that was beyond their means. Plaintiffs allege that the falsification was not disclosed to them and that certain documents

were not provided to them during the execution of the loan paperwork. The only facts alleged against any Defendant that relate to conduct occurring after WaMu was placed in receivership are Plaintiffs' allegations in Counts 4, 9 and 10 that the "Chase Defendants" thwarted Plaintiffs' attempts to investigate WaMu's fraud and continued WaMu's "pattern of false misrepresentations [sic]" during Plaintiffs' attempted loan modification.

The Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA) bars this court from hearing claims related to alleged misconduct by WaMu before Plaintiffs have exhausted their administrative remedies. *See* 12 U.S.C. § 1821(d)(13)(D). When the FDIC was named as receiver of WaMu in September 2008, its powers and duties as a receiver of a failed financial institution were governed by Section 1821(d), 12 U.S.C., of FIRREA. In that legislation, Congress expressly bestowed upon the FDIC as receiver, the authority to determine the scope of any claims filed against a failed depository institution. 12 U.S.C. § 1821(d)(3)(A). Under the FIRREA framework, a claimant may submit a complaint to the FDIC, and the FDIC must determine within 180 days whether to allow or disallow the claim. *See* 12 U.S.C. § 1821(d)(5)(A)(i); *New Orleans Employees' Retirement System v. FDIC*, 2009 WL 1034895, at *2  (W.D.Wash. April 16, 2009). If the FDIC disallows the claim or fails to make any determination, the claimant has sixty days to request administrative review or continue suit on such claim in district court. *See* 12 U.S.C. § 1821(d)(6)(A)(ii).

Section 1821(d)(13)(D) strips all courts of jurisdiction over claims made outside the administrative procedures of section 1821:

> (D)     Limitation on judicial review
>
> Except as otherwise provided in this subsection, no court shall have jurisdiction over-
>
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
>
> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

12 U.S.C. § 1821(d)(13)(D). Thus, a district court lacks jurisdiction over any claim against an institution for which the Corporation has been appointed receiver if a claimant does not first exhaust FIRREA's administrative process.[4] *See Intercontinental Travel Marketing, Inc. v. FDIC*, 45 F.3d 1278, 1283 (9th Cir. 1994) (district court lacks jurisdiction where plaintiff failed to properly exhaust statutory mandated claim requirements of § 1821(d)); *Henderson v. Bank of New England*, 986 F.2d 319, 320-21 (9th Cir. 1993) (district court lacks subject matter jurisdiction to hear the plaintiff's claim until he has completed FIRREA's claim process); *New Orleans Employees' Retirement System*, 2009 WL 1034895, at *2 (staying class action where Plaintiffs failed to exhaust administrative claims process with FDIC).

This bar to judicial review of claims brought against the failed institution also applies to claims against a subsequent purchaser of the assets of the failed institution where those claims relate to an act or omission of the failed institution. *See Benson v. J.P. Morgan Chase Bank, N.A.*, 673 F.3d 1207, 1214-15 (9th Cir. 2012). In *Benson,* the Ninth Circuit held that a plaintiff cannot avoid FIRREA's administrative requirements by pleading claims against the purchasing bank which are functionally claims against the failed bank. The court rejected the plaintiffs' assertion that FIRREA's jurisdictional bar does not apply to claims against a subsequent purchaser; the court concluded that the plain text of § 1821(d)(13)(D)(ii) distinguishes between claims on their factual bases - not the identity of the defendant. *Id.* at 1212. In upholding dismissal of the complaint, the court stated:

> By relying on WaMu's alleged wrongdoing, plaintiffs' claims plainly 'relat[e] to any act or omission' of 'a depository institution for which the [FDIC] has been appointed receiver.' § 1821(d)(13)(D). And because plaintiffs did not exhaust administrative remedies, their claims are jurisdictionally barred by FIRREA.

*Id.* at 1215.

---

[4] In Count 1 of the Complaint, Plaintiffs allege that the Defendants violated the Truth In Lending Act. (Doc. 1, pg. 10.) Plaintiffs correctly state that rescission of contract under the TILA does not require exhaustion under FIRREA. A TILA claim for rescission may be brought "against any assignee of the obligation." 15 U.S.C. § 1641(c); *Rundgren v. Washington Mutual Bank, F.A.*, 2010 WL 4960513, at *7 (D. Haw. Nov. 30, 2010). However, as discussed in Section 4.A., below, although the Court has subject matter jurisdiction over Plaintiffs' TILA claim, Defendants are nonetheless entitled to dismissal of Count 1 on the ground that it is time-barred.

- 8 -

Applying this same reasoning, this Court concludes that FIRREA's jurisdictional bar must also apply to claims against employees of the failed institution where plaintiffs' claims are based on the wrongdoing alleged to have been committed by the individual as an employee of the failed institution. Such claims clearly "relate to" an act or omission of a depository institution for which the FDIC was appointed receiver; moreover, under basic agency principles any liability of the employee would likely be assigned to the failed institution as employer.

There is no indication that Plaintiffs have exhausted the administrative procedures as required by 12 U.S.C. § 1821(d). Consequently, this Court is without jurisdiction to hear any of Plaintiffs' claims based on and directly related to the conduct of WaMu, whether the claims are asserted against WaMu's employee Cherie Smith or Chase as the subsequent purchaser of WaMu's assets. Accordingly, the Court concludes that it lacks subject matter jurisdiction over Counts 2-3, 5-8, 11, and those portions of Counts 4, 9 and 10 which allege wrongdoing during Plaintiffs' original loan application process.

**4.  Those claims over which the Court has subject matter jurisdiction are nonetheless without merit.**

Even though the Court arguably has subject matter jurisdiction over Count 1 and those portions of Counts 4, 9 and 10 which allege wrongdoing during Plaintiffs' original loan application process, Defendants are nonetheless entitled to dismissal of those claims because they are without merit and/or are insufficiently pled.

**A.   Plaintiffs' TILA claim (Count 1) is time-barred.**

There are no factual allegations in the Complaint, which if proven true, could establish any Defendants' liability under TILA. Even if the Defendants were involved in originating Plaintiffs' loans, the time in which to bring such action has run. The right to rescind a transaction under TILA expires three years after the date of consummation of the transaction. 15 U.S.C. § 1635(f). "This three-year period is not a statute of limitations within which to file an action, but rather is the duration of the right to rescind." *McCann v. Quality Loan Service Corp.*, 729 F.Supp.2d 1238, 1242 (W.D. Wash. 2010) (citing *Beach v. Ocwen Fed.*

*Bank*, 523 U.S. 410, 415-18 (1998)). "Equitable tolling does not apply to rescission under this provision of TILA, because § 1635(f) 'completely extinguishes the right of recession at the end of the 3-year period,' even if the lender has never made the required disclosures." *See Taylor v. Money Store*, 42 Fed.Appx. 932, 933 (9th Cir. 2002) (internal citations omitted); *McCann,* 792 F.Supp.2d at 1242.

Plaintiffs purchased their home in November of 2007, and filed this matter on December 28, 2011. Thus, Plaintiffs' right to rescind the loan transaction expired in November 2010. The TILA claim is barred and all Defendants are entitled to dismissal of Count 1.

**B.     The Complaint fails to state a claim against Defendant Smith**.

Assuming the Court has subject matter jurisdiction over those portions of Counts 4, 9 and 10 which allege wrongdoing during Plaintiffs' attempted loan modification, the Complaint nevertheless fails to sufficiently allege those claims against Defendant Smith. Although the Complaint categorizes Smith as a "Chase Defendant," the factual allegations relating to Defendant Smith only demonstrate that she worked for WaMu during Plaintiffs' original loan application and that she is currently employed by U.S. Bank. There are no allegations in the Complaint that give rise to a reasonable inference that Smith was ever employed by Chase or was in any way involved in Plaintiffs' attempted loan modification. Merely labeling Smith as a "Chase Defendant" does not satisfy the requirements of *Twombly*. Accordingly, the Court concludes that Smith is entitled to dismissal of the Complaint because: (1) the Court lacks subject matter jurisdiction over Counts 2-3, 5-8, 11 and those portions of Counts 4, 9 and 10 which allege wrongdoing during Plaintiffs' original loan application process; (2) Count 1 is time-barred; and (3) those portions of Counts 4, 9, 10 which allege wrongdoing by "the Chase Defendants" following WaMu's receivership are in no way tied to Defendant Smith.

### C. To the extent Plaintiffs allege claims against Chase in Counts 4, 9 and 10, those claims are not sufficiently pled.

Assuming the Court has subject matter jurisdiction over those portions of Counts 4, 9 and 10 which allege wrongdoing by Chase during Plaintiffs' loan modification process, those allegations fail to comply with the heightened pleading requirements of Rule 9, Fed. R. Civ. P.

Counts 4, 9 and 10 all allege claims for fraud or misrepresentation, and therefore must comply with Rule 9, Fed. R. Civ. P.'s requirement that fraud claims be pled with specificity. This heightened pleading requirement requires Plaintiffs to allege the time, place and content of the alleged misrepresentation, as well as an explanation as to why the statement or omission complained of was false or misleading. *See Yourish v. California Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999). Plainly stated, averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997) (internal quotation marks omitted). Plaintiffs' Complaint fails to allege Plaintiffs' fraud claims with the required specificity. Plaintiffs allege that Chase engaged in fraudulent concealment, intentional misrepresentation and negligent misrepresentation when it concealed and failed to disclose WaMu's earlier misrepresentations during Plaintiffs' attempted loan modification in 2010. Plaintiffs have failed to allege what Chase said or did during the loan modification process that was false or misleading, when or where the alleged misrepresentation occurred, and/or the content of the alleged misrepresentation. Plaintiffs' unsupported assertions that they were "thwarted" by the Chase Defendants "with every phone call regarding loan modification," and that the Chase Defendants "continued their pattern of false misrepresentations" are not adequate to put Chase on notice of Plaintiffs' fraud claims. Accordingly, Defendant Chase is entitled to dismissal of all claims because: (1) the Court lacks subject matter jurisdiction over Counts 2-3, 5-8, 11 and those portions of Counts 4, 9 and 10 which allege wrongdoing during Plaintiffs' original loan application process; (2) Count 1 is time-barred; and (3) those portions

of Counts 4, 9, and 10 which allege wrongdoing by "the Chase Defendants" do not satisfy the heightened pleading requirements of Rule 9, Fed. R. Civ. P.

**5.     The Complaint contains numerous other deficiencies**.

Although Defendants are entitled to dismissal of the Complaint in its entirety for the various reasons previously stated, the Court notes that Plaintiffs' Complaint contains additional deficiencies that would be a basis for dismissal. The Court discusses these deficiencies in order to avoid inclusion of meritless claims in subsequent amendment of the Complaint.

**A.     Chase Is Not Liable for Claims of Misconduct Occurring Prior to September 2008 Because Chase Did Not Assume WaMu's liabilities.**

Even if the Court had subject matter jurisdiction over the portions of the Complaint alleging wrongdoing by WaMu, Chase would nonetheless be entitled to dismissal because it did not assume WaMu's liabilities when it acquired certain WaMu assets from FDIC. Chase's acquisition included all of WaMu's loans and loan commitments, pursuant to the terms and conditions of the P & A Agreement dated September 25, 2008. (Doc. 9, Exh. A.)[5] Under the Agreement, the authenticity of which is not challenged, Chase did not acquire WaMu's liabilities. In fact, the Agreement specifically shields Chase from liability for borrower claims related to loans made by WaMu prior to September 25, 2008. Article 2.5 of the Agreement provides:

> Notwithstanding anything to the contrary in this Agreement, any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower, whether or not such liability is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, judicial or extra-judicial, secured or unsecured, whether asserted affirmatively or defensively, related

---

[5] As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001)(citations omitted). However, courts have taken judicial notice of the Purchase and Assumption Agreement between the FDIC and Chase without converting the Rule 12(b)(6) motion to one of summary judgment. *See*, *e.g.*, *Allen v. United Fin. Mortgage Corp.*, 660 F.Supp.2d 1089, 1093-94 (N.D.Cal 2009); *Molina v. Wash. Mut. Bank*, 2010 WL 431439, at *3 (S.D.Cal. Jan. 29, 2010). Here, the Court takes judicial notice of the Agreement because it is a public record and not subject to reasonable dispute. *See* Fed. R. Evid. 201.

- 12 -

> in any way to any loan or commitment to lend made by the Failed Bank prior to failure, or to any loan made by a third party in connection with a loan which is or was held by the Failed Bank, or otherwise arising in connection with the Failed Bank's lending or loan purchase activities *are specifically not assumed by the Assuming Bank.*

(Doc. 9, Exh. B at p. 9) (emphasis added). Numerous courts have interpreted similar contractual provisions as relieving Chase of liability for borrowers' claims against WaMu. *See McCann*, 729 F.Supp.2d at 1241-42 (collecting cases and explaining rationale). This Court agrees that the P & A Agreement shields Chase from liability for WaMu's alleged misconduct. Accordingly, Plaintiffs cannot state a plausible cause of action against Chase for actions taken by WaMu or the FDIC prior to September 25, 2008.

### B.   Predatory Lending (Count Two) is Not an Independent Cause of Action.

Count Two of the Complaint is entitled "Predatory Lending/Violations of Truth in Lending" against all Defendants. Count Two alleges that the Defendants' acts constitute predatory lending. The alleged acts include marketing of the home loan, failure to fully disclose unfair or unconscionable terms, and failure to prominently disclose certain information regarding the loan.

There is no independent cause of action for "predatory lending." *See Skinner v. Deutsche Bank Nat. Trust Co.,* 2011 WL 6153631, *3 (D. Ariz. 2011) (citing cases). Thus, this claim must be dismissed.

### C.   Plaintiffs' other fraud claims (Counts 3, 5) do not comply with Rule 9, Fed. R. Civ. P.

Plaintiffs allege additional fraud claims in Counts 3 and 5; those claims do not comply with Rule 9, Fed. R. Civ. P. because they do not allege a specific false representation knowingly made to Plaintiffs with the intention that Plaintiffs rely on it, nor do they identify the role each Defendant allegedly played in the fraud. *See, e.g. Wagner v. Casteel*, 136 Ariz. 29, 31, 663 P.2d 1020, 1022 (App. 1983) (fraud claims require proof of (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) [the speaker's] intent that the representation should be acted upon by the person and in a manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) [the

1 hearer's] reliance on the truth of the representation; (8) [the hearer's] right to rely; and (9) [the
2 hearer's] consequent and proximate injury). Accordingly, Defendants are entitled to
3 dismissal of Counts 3 and 5.

### D. Plaintiffs' RESPA claim (Count 11) fails to state a claim for which relief may be granted.

In Count 11, which is alleged against all Defendants, Plaintiffs state that Defendants failed to provide Plaintiffs with certain documents related to the loan origination and charged unreasonably high fees for services. Plaintiffs fail to allege how each Defendant would be liable under RESPA, particularly where Chase and Freddie Mac were not the originators of the loan. Moreover, such claims would be time-barred by RESPA's one and three-year statute of limitations. *See Diessner v. Mortgage Elc. Registration Sys.,* 618 F.Supp.2d 1184, 1189 (D. Ariz. 2009).

In Plaintiffs' Response to the Motion to Dismiss, Plaintiffs suggest that Chase may be liable under section 2605(e)(1)(A)-(B) of RESPA, by failing to provide them with requested documentation concerning loan modification and loan refinancing. These allegations are not included in Count Eleven of the Complaint, although earlier in the Complaint, Plaintiffs allege that: in March of 2010, Plaintiffs completed and mailed loan refinancing applications to Chase; Plaintiffs contacted Chase on three occasions over the next four months, inquiring as to the status of the applications; and Plaintiffs received no answer. (*Id.*, ¶ 38.) Even if these allegations had been included in Count Eleven, the Complaint would still fail to state a claim for violation of RESPA.

Section 2605(e)(1)(A)-(B) sets forth the duties of a loan servicer to respond to borrower inquires. This section provides:

(e) Duty of loan servicer to respond to borrower inquiries

(1) Notice of receipt of inquiry

(A) In general.

If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan,

- 14 -

>   the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days ... unless the action requested is taken within such period.
>
>   (B) Qualified written request.
>
>   For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that-
>
>   > (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>   >
>   > (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(A)-(B).

Plaintiffs fail to state a claim against the Chase Defendants under RESPA because Plaintiffs' Complaint fails to allege that: (1) Plaintiffs submitted to Chase a qualified written request disputing the servicing of the loan and (2) actual damages resulted from the alleged RESPA violation. A qualified written request ("QWR") is one that relates to the servicing of the loan.[6] *See Consumer Solutions REO, LLC v. Hillery*, 658 F.Supp.2d 1002, 1014 (N.D.Cal. 2009). The Complaint indicates that Plaintiffs' requests related to loan modification or home refinancing - not loan servicing. Chase would not be required by RESPA to disclose information related to the validity of the original loan in response to such a request. *See Consumer Solutions REO, LLC*, 658 F.Supp.2d at 1014. ("That a QWR must address the servicing of the loan, and not its validity, is borne out by the fact that § 2605(e) expressly imposes a duty upon the loan servicer, and not the owner of the loan.") Moreover, Plaintiffs have not alleged actual damages arose from Chase's failure to respond, which is

---

[6] The terms "servicer" and "servicing" are defined in § 2605(i). "The term 'servicer' means the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)." 12 U.S.C. § 2605(i)(2). "The term 'servicing' means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan ... and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).

- 15 -

1  an independent ground for dismissal. *Amaral v. Wachovia Mortg. Corp.*, 692 F.Supp.2d
2  1226, 1232 (E.D.Cal. 2010).

3  **6.    Leave to Amend**

4  Plaintiffs request leave to amend their Complaint should the Court grant Defendants'
5  Motions. Leave to amend must be granted when dismissing a case for failure to state a claim,
6  "unless the court determines that the pleading could not possibly be cured by the allegations
7  of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).
8  Many of Plaintiffs' claim are clearly barred such that amendment would be futile: Plaintiffs'
9  TILA and RESPA claims are time-barred and the Court lacks subject matter jurisdiction over
10 Plaintiffs' claims arising out of WaMu's alleged misconduct. Although it does not appear
11 to this Court that Plaintiffs can state a claim as to their other allegations, leave to amend must
12 be freely given. Therefore, the Court will dismiss the following claims with prejudice on the
13 grounds that amendment would be futile:

- Count 1, as Plaintiffs' TILA claim is time-barred;
- Count 2, as there is no freestanding claim for predatory lending;
- Counts 3 and 5, as the Court lacks subject matter jurisdiction over claims arising from WaMu's conduct, Chase did not assume WaMu's liabilities and the claims were not alleged with the requisite specificity;
- Counts 6-8, as the Court lacks subject matter jurisdiction over claims arising from WaMu's conduct and Chase did not assume WaMu's liabilities;
- Count 11, as Plaintiffs' RESPA claim is time-barred and without merit.

The Court will permit Plaintiffs to amend Counts 4, 9 and 10 to the extent those claims arise out of Chase's conduct during Plaintiffs' attempted loan modification. The Court further instructs Plaintiffs that any Defendants named in the Amended Complaint should be included only if factual allegations support claims against those Defendants. The Amended Complaint should also clearly state which claims are alleged against which Defendants. For reference, Plaintiffs are directed to the "Filing On Your Own Behalf" manual available on the Court's website, http://www.azd.uscourts.gov/azd/courtinfo.nsf/court/files/$File/prose.pdf.

- 16 -

1 **7.    First American Title Company**

2       Defendant First American Title Company did not join in any of the motions to dismiss
3 and instead filed an answer generally denying the allegations of the Complaint and asserting
4 the affirmative defenses of insufficient service of process; statute of limitations; and failure
5 to state a claim upon which relief can be granted. Nevertheless, after review of the
6 Complaint and in the interest of judicial economy, the Court addresses the viability of the
7 Plaintiffs' claims alleged against First American Title.

8       Of the 128 paragraphs in the Complaint, First American Title is mentioned in only six:
9 4, 17, 35, 36, 42, 126. Of those six, only paragraph 126 specifically names First American
10 Title in relation to any of the eleven causes of action contained in the Complaint. Paragraph
11 126 alleges that First American Title violated RESPA by charging unreasonably high charges
12 for settlement services, including an additional $706.78, which was requested five days after
13 the signing of the settlement and closing documents. Plaintiffs were undisputably aware of
14 this additional charge at or near the time of the November 2007 closing. As stated in section
15 5.D., *supra*, RESPA's statute of limitations would thus bar a RESPA claim. Moreover, to
16 the extent that First American Title is included as a defendant in counts 1, 2, 3, 5, 7, and 9,
17 the reasoning set forth in sections 4.A., 4.C. and 5.C. would provide a basis for dismissal of
18 the claims. Therefore, if Plaintiffs chose to file an amended complaint, they should so frame
19 any claims against First American Title with the guidance provided in this Court's order in
20 mind.

21                                     **Conclusion**

22    IT IS THEREFORE ORDERED that:

23    1.    Defendants JP Morgan Chase Bank and Federal Home Loan Mortgage
24         Corporation's Motion to Dismiss (Doc. 9) is GRANTED.

25    2.    Defendant Smith's Motion to Dismiss (Doc. 11) is GRANTED IN PART and
26         DENIED IN PART.

27    3.    Plaintiffs' Complaint is dismissed without prejudice, with leave to re-file.

28

4. Plaintiffs shall file an Amended Complaint within 20 days of the date this Order is filed. Failure to do so may result in dismissal of this action with prejudice and without further notice.

DATED this 29th day of June, 2012.

Jennifer G. Zipps
United States District Judge